IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ESTATE OF NORMAN W. GREENWALD, SR., | * <br> * <br> * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-21-3060 |
| PNC BANK, N.A., *et al.*, | * <br> * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff The Estate of Norman W. Greenwald Sr. ("Estate" or "Plaintiff") filed this lawsuit against PNC Bank, N.A. ("PNC"), along with one of the children of Norman W. Greenwald Sr., also named Norman W. Greenwald, and his wife, Beverly F. Greenwald (collectively "the Greenwald Defendants"), for claims arising out of the cashing of a check intended for Norman W. Greenwald Sr. Currently pending are two motions: PNC's Amended Motion to Dismiss the Complaint for Failure to State a Claim, ECF 15, and Plaintiff's Motion for Leave to File an Amended Complaint, ECF 23. I have reviewed the motions, along with the oppositions and replies thereto. ECF 17, 20, 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, the motion to dismiss the claims against PNC will be granted, and the motion for leave to file an Amended Complaint will be denied without prejudice.

**I.    FACTUAL BACKGROUND**

The following facts are derived from the Complaint. ECF 3. Norman W. Greenwald Sr. owned real property in Anne Arundel County, Maryland, which was the subject of foreclosure proceedings. *Id.* ¶ 4. After those proceedings concluded, the Anne Arundel County Office of Finance ("AACOF") held the surplus proceeds from the foreclosure in escrow for Norman W.

Greenwald Sr. *Id.* ¶ 5. Without informing Norman W. Greenwald Sr., the Greenwald Defendants instructed AACOF to mail the funds to their home at 314 Grindstone Drive, Arnold, Maryland. *Id.* ¶ 7. Norman W. Greenwald Sr. was not residing at that address. *Id.*

AACOF issued check #750153 in the amount of $274,053.28 ("the Check") and mailed it to the Greenwald Defendants' home as instructed. *Id.* ¶ 8. "Defendant Norman Greenwald indorsed the check and presented it to Defendant PNC Bank for payment." *Id.* ¶ 51. PNC did not verify the signature on the Check before accepting it, and submitted it to Bank of America, which paid the funds. *Id.* ¶¶ 10, 11. The Greenwald Defendants used the proceeds from the Check to purchase real property titled in their names in Dubuque, IA. *Id.* ¶ 25. The Estate of Norman W. Greenwald, Sr. filed this lawsuit to recover alleged losses relating to the Check.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir.

2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

3

as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III. ANALYSIS

#### A. Motion for Leave to Amend

Logically, this Court first addresses Plaintiff's motion for leave to amend, because granting that motion would moot the motion to dismiss. PNC's opposition to the proposed amendment, as to the claims against it, is that the proposed amendment is futile and fails to state a claim for relief. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller, et al., *Federal Practice and Procedure* § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous,

advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim — and what really is a breach of contract suit — into some sort of fraudulent inducement action" and

explaining "[t]his [the plaintiffs] simply cannot do"); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *See Kolb*, 21 F. Supp. 3d at 522 (quoting *Iqbal*, 556 U.S. at 678-79).

Plaintiff seeks to amend its Complaint to add a conversion claim against PNC under UCC § 3-420, which provides, in relevant part:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

As the UCC plainly states, then, there can be no action for conversion of an instrument where the payee did not receive delivery of the instrument. *See also* Md. Code, Com. Law Art. § 3-420, Official Comment 1 ("the payee has no conversion action because the check was never delivered to the payee."); *Cornerstone Title & Escrow, Inc. v. Evanston Ins. Co.*, 555 F. App'x 230, 238 (4th Cir. 2014) ("[w]here the payee has not received the check, the payee retains a cause of action against the drawer," but "cannot bring a conversion action"). While the result may seem peculiar, the UCC's theory is sound. "Until delivery, the payee does not have any interest in the check," because the "payee never became the holder of the check nor a person entitled to enforce the


check." Md. Code, Com. Law Art. § 3-420, Official Comment 1. As the UCC commentary explains:

> [I]f the check is never delivered to the payee, the obligation owed to the payee is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief receives payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee. The drawer of the check has no conversion remedy, but the drawee is not entitled to charge the drawer's account when the drawee wrongfully honored the check.

Md. Code, Com. Law Art. § 3-420, Official Comment 1. Applying those principles to the facts of this case, Plaintiff would retain a right to enforce the underlying obligation AACOF owed it, since AACOF never delivered a check to Norman W. Greenwald Sr. or his Estate. Once a second check is cut, AACOF, or its bank, may have a claim against either PNC or Norman and Beverly Greenwald, but any such claim is not before this Court. It is clear, however, based on the facts Plaintiff sets forth in the proposed Amended Complaint, that Norman W. Greenwald Sr. did not receive delivery of the instrument and Plaintiff's proposed UCC conversion claim is futile. The motion for leave to file the proposed Amended Complaint, therefore, will be denied, although Plaintiff will be afforded twenty-one days to seek leave to file another proposed Amended Complaint that eliminates the futile claim.

### B. Motion to Dismiss the Complaint

#### 1. The UCC Claims

Count VI of Plaintiff's Complaint is captioned, "Violation of Maryland Code, Commercial Law, Sections §§ 3-308, 3-403, 3-404, 3-406 and 4-101." Despite that unambiguous language, Plaintiff now appears to suggest that it only intended to make a UCC claim under one section, 3-404(d), which reads:

> With respect to an instrument to which subsection (a) or (b) applies, if a person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from payment of the instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

Md. Code Ann., Com. Law § 3-404 (d).

Plaintiff has not alleged any facts to suggest PNC's failure to exercise ordinary care in taking the instrument. As Plaintiff alleges, the indorsement was forged by an impersonator. Plaintiff has not alleged that PNC had any way of knowing what Norman W. Greenwald, Sr.'s signature should look like or that PNC could have established that the Defendant Norman Greenwald, whose address matched that appearing on the check, was not the proper payee. Absent some allegation to show a failure to exercise ordinary care, Plaintiff's claim is subject to dismissal. *See Dominion Constr. v. First Nat'l Bank*, 271 Md. 154, 167 (1974) (dismissing claim that the payor bank acted contrary to "reasonable commercial standards" of the banking business where "[t]here was nothing on the face of the check to justifiably arouse any suspicion on the part of First National, nor was there any other irregularity in the transaction."); *see also Cooper v. Union Bank*, 107 Cal. Rptr. 1, 507 P. 2d 609 (1973) (noting that "it would be commercially unreasonable to expect payor banks to undertake foolproof efforts to verify ostensibly valid indorsements.").

Plaintiff further asserts a claim in Count VIII for Breach of Presentment Warranties under §§ 3-417 and 4-208 of the UCC. The plain language of those provisions allows recovery by "a drawee making payment" on a draft, not by an entity or person in Plaintiff's shoes. *Id.* In other words, Bank of America, the drawee who made payment on the Check, might have a claim for breach of presentment warranties, but Plaintiff does not. Plaintiff cites no legal authority to support the notion that it has a viable claim, and this Court is aware of none. All of Plaintiff's UCC claims, then, must be dismissed as currently pled against PNC.

### 2. The State Law Negligence Claim

Plaintiff's only non-UCC based claim against PNC is a state law claim for negligence. Even assuming that the negligence claim would not be preempted by the UCC, "[a]n action for negligence, where the damages are only economic, may be brought by a non-customer drawer against a depositary bank, where there is no violation of the provisions of the UCC, and where duty is established by a sufficient intimate nexus between the depositary bank and the non-customer, through privity or its equivalent." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 300 (2006). No such intimate nexus has been pled to establish a duty owed by PNC to Plaintiff (or to Norman W. Greenwald Sr.) in this case. The Complaint does not allege that PNC had any prior dealings with Norman W. Greenwald Sr. or any information to suggest that there was any apparent irregularity with the transaction in this case, which involved a sizeable check from a governmental entity. Plaintiff's theories, that the amount of the Check and the fact that the name on the Check had "Sr." listed after it should have triggered additional scrutiny, are simply insufficient to establish an "intimate nexus" akin to "privity or its equivalent." This case, then, is readily distinguishable from *Chicago Title*, in which the defendant bank had engaged in significant communications leading up to the financial transaction that should have put it on notice that the check it was accepting had been written for the specific purpose of paying off a mortgage loan. 394 Md. at 296-300. Here, the Complaint alleges no basis for PNC to assume any specific purpose for the Check or to assume that the person negotiating the Check was not who he purported to be. As pled, then, Plaintiff's negligence claim against PNC also must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, PNC's Amended Motion to Dismiss, ECF 15, will be GRANTED and the Complaint will be dismissed without prejudice as to the claims against PNC

only. Plaintiff's Motion for Leave to File an Amended Complaint, ECF 23, will be DENIED WITHOUT PREJUDICE because the proposed Amended Complaint contains futile claims against PNC. Plaintiff will have twenty-one days to file an Amended Motion for Leave to File an Amended Complaint, if its new proposed Amended Complaint rectifies that deficiency. A separate order follows.


Dated:  March 8, 2022                                                /s/
                                                                            Stephanie A. Gallagher
                                                                            United States District Judge